# EXHIBIT B
**Decision in Collins's 1996 Article 78 Action**

At an IAS Term, Part 18 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 22nd day of January, 1997

PRESENT:

HON. JOSEPH J. DOWD,
                    Justice.

------------------------------------------X
In the Matter of the Application of
JABBAR COLLINS,

                    Petitioner,

    - against -                            Index No. 22973/96

CHARLES J. HYNES, Kings County
District Attorney, et al.,

                    Respondents.
------------------------------------------X

The following papers numbered 1 to 8 read on this motion:

|  | Papers Numbered |
|---|---|
| Notice of Motion/Order to Show Cause/ Petition/Cross Motion and Affidavits (Affirmations) Annexed | 1-3 |
| Opposing Affidavits (Affirmations) | 4 |
| Reply Affidavits (Affirmations) | 5 |
| _____(Affirmations) |  |
| Other Papers _____ Memoranda of Law | 6-7 |
| Court File under Indictment No. 2884/94 | 8 |

This is an action brought pursuant to article 78 of the Civil Practice Law and Rules, wherein petitioner seeks an order compelling the District Attorney of Kings County to turn over copies of documents concerning defendant contained in its files. Petitioner made these requests pursuant to the Freedom of Information Law (FOIL) (Public Officers Law § 87).

Petitioner made FOIL requests by letters dated July 10, September 22, November 12, November 30, and December 26, 1995, February 7, and March 28, 1996.

The letters contain 59 requested items (not counting the duplicitous December 26, 1995 request). The Records Access Officer (RAO) granted items totaling 239 pages and 94 audio tapes. Petitioner was denied 22 items on the basis that they were not in the possession of petitioner; two items were denied because the requests were not sufficiently specific; several pages were denied because they were exempt as attorney work product; three requests were denied on the basis of Grand Jury secrecy; criminal records were denied as confidential; police reports, Forms UF 61 and DD 5, and memo books were denied as intraoffice material; various documents were redacted.

By letter dated May 8, 1996, petitioner appealed the RAO's decision regarding the March 28, 1996, February 7, 1996, November 30, 1995, and July 10, 1995 denials. The appeal did not mention any other letters, nor did petitioner complain about redaction, missing pages, or Grand Jury secrecy.

By letter dated May 28, 1996, the FOIL Appeals Officer (FAO) granted some of petitioner's requests but affirmed most of the RAO's determination.

Records Claimed Not in Possession

A certification or affirmation stating that an agency has conducted a diligent search and items requested are not in the possession of the agency constitutes prima facie proof that the agency is not in possession of a record (Matter of Gould v New York City Police Dept., __NY2d___, NYLJ, Nov. 27, 1996, at 27, cols 2, 6; Matter of Calvin K. v DeFrancesco, 200 AD2d 619; Matter of Ahlers v Dillon, 143 AD2d 225, 226; cf., Key v Hynes, 205 AD2d 779). Once respondent has provided a certification or affirmation, the burden shifts to petitioner to provide a factual basis to the contrary (Matter of Gould v New York City Police Dept., supra; Matter of Calvin K. v DeFrancesco, supra; Matter of Ahlers v Dillon, supra).

Respondent's certification dated May 28, 1996 by the RAO, affirmation dated September 6, 1996 by the Appeals Officer, and affirmation dated September 9, 1996 by the RAO are sufficient to establish, prima facially, that the District Attorney is not in possession of the records.

Petitioner has failed to provide a factual basis to rebut respondent's certification and affirmation. Petitioner's request for the following items is denied: a verdict sheet, ECAB (Early Case Assessment Bureau) attachments and annotation sheets, a deferral of prosecution sheet, a supporting deposition to the felony complaint (there exists no such legal document in a felony complaint), a CPL 190.50 notice, a data analysis form, agreements with witnesses,

information regarding Adriane Diaz, a jury verdict sheet, and Item Nos. 16, 17, 19, 20, 23, 25, 25A, 25B, 35, and 40.[1]

### Police Reports

Public Officer's Law § 87(2)(g) exempts intra-agency or inter-agency records. Police memo books, reports, index sheets, Forms UF 61 and DD5 are not categorically within this exception (Matter of Gould v New York City Police Dept., supra, ___NY2d___, NYLJ, Nov. 27, 1996, at 27, col 2). Although police memo books and reports, index sheets, forms UF 61 and DD5 are not categorically exempt, these records may be entirely or partially withheld under other applicable exemptions (Matter of Gould v New York City Police Dept., supra, at 27, col 4).

Respondent is directed to supply all memo books, police reports, Forms UF 61 and DD5, and police documents within 20 days of receipt of a copy of this decision and order.

Respondent is granted permission to apply for exemption as to any police document within the above-mentioned 20 days.

### Attorney Work Product

Public Officers Law § 87(2)(a) exempts records from FOIL that are "exempted from disclosure by state or federal statute." CPLR 3101(c) exempts an attorney's work product

---

[1] A review of the court file under Indictment No. 2884/94 reveals that discovery in the criminal action was informal. Documents were sent to defense counsel without formal request and hearing granted on oral motion. Thus, respondent's denials of possession of routine documents is reasonable in this case. None of these requested documents were found in the court file (except the jury verdict sheet).

4

from disclosure.[2] Attorney work product is exempt from disclosure under FOIL (Farbman v New York City Health & Hosps. Corp., 62 NY2d 75, 82; see discussion, Orange County Publs. v County of Orange, 168 Misc 2d 346, 356-357).

The attorney work product exemption should be narrowly construed (Bloss v Ford Motor Co., 126 AD2d 804, 805).

This exemption "embraces 'interviews, statements, memoranda, correspondence, briefs, mental impressions, and personal beliefs' that were held, prepared or conducted by the attorney' (Central Buffalo Project Corp. v Rainbow Salads, 140 AD2d 943, 944, quoting Hickman v Taylor, 329 US 495, 511; see also, Kenford Co. v County of Erie, 55 AD2d 466, 470)" (Lamitie v Emerson Elec. Co., 208 AD2d 1081, 1083).

When a claim of exemption is made under Public Officers Law § 87(2)(a), the court should examine the material in camera in order to ascertain whether the material is actually covered by statute (see, Farbman v New York City Health & Hosps. Corp., supra, 62 NY2d, at 83; Cornell Univ. v City of New York Police Dept., 153 AD2d 515, 516; Orange County Publ. Inc. v County of Orange, supra, 168 Misc 2d 346).

Respondent is directed to submit all items claimed to be exempt as attorney work product for in camera inspection, specifically items 12 and 23 of the November 30, 1995 request. These records shall be submitted to the court within 20 days after receipt of a copy of this order and decision.

---

[2] This statute does not create a privilege (CPLR 3101[b]) or confidentiality.

## Criminal Histories

Public Officers Law § 87(2)(a) exempts from FOIL those records that are "exempted from disclosure by State or Federal statute." Executive Law § 837(8) authorizes the Division of Criminal Justice Services (DCJS) to adopt "measures to assure the security and privacy of identification and information data." In accordance with such authority, DCJS adopted 9 NYCRR 6150.4(b)(6). That regulation, as is relevant, reads as follows:

> "Notwithstanding the provisions of section 6150.3 . . . the following types of records shall be exempt from public inspection and/or copying:
>
> \* \* \*
>
> (b) Records constituting information the disclosure of which would result in an unwarranted invasion of personal privacy. An unwarranted invasion of personal privacy shall include, but not be limited to:
>
> \* \* \*
>
> (6) disclosure of information contained in the criminal history file . . . maintained by DCJS, including any and all information contained in such files . . ."

Therefore, any criminal history consisting of conviction, pending, or dismissed cases obtained from DCJS are exempt from FOIL (Woods v Kings County Dist. Atty., ___ AD2d ___, NYLJ, Dec. 31, 1996, at 26, col 5; Bennett v Girgenti, ___ AD2d ___, 640 NYS2d 307). Cases such as Matter of Thompson v Weinstein (150 AD2d 782), Bagley v Halpern (___ Misc 2d ___, NYLJ, Sept. 3, 1996, at 26, col 1, Sup Ct, New York County, Bransten, J.) and Matter of Woods v Hynes (n.o.r., NYLJ, Aug. 4, 1995, at 24, col 5, Sup Ct, Kings

6

County, Vinik, J., mod ___ AD2d ___, supra) are not precedent on this issue. Cases are "precedent only as to those questions presented, considered and squarely decided. (Empire Sq. Realty Co. v Chase Natl. Bank, 181 Misc 752, 755, affd 267 App Div, 817, lv denied 267 App Div 901.)" (People v Bourne, 139 AD2d 210, 216; Webster v Fall, 266 US 507, 511). The aforementioned three cases dealt with claims of exemption under subdivision 2(b) of § 87 of the Public Officers Law. They did not discuss subdivision 2(a) of § 87 of the Public Officers Law or Executive Law § 837(8) or 9 NYCRR 6150.4(b)(6).

The court is also aware of a memorandum dated December 27, 1983 from the then Commissioner of the Division of Criminal Justice Services, Richard J. Condon, informing all agencies using DCJS information that dissemination of criminal history record information is prohibited. Also the court is aware of memorandum 71 dated May 1, 1984 from Arthur J. Reily, Deputy Executive Officer, "Supreme Court of the State of New York, Criminal Branch, First Judicial District, Criminal Court of the City of New York" 100 Centre Street, New York, New York, informing all courts that dissemination of "fingerprint rap sheets" are prohibited except as specifically authorized by law.

Respondent is not required to reveal any criminal records obtained from DCJS.

The court interprets the Appellate Division decision in Woods v Kings County District Attorney (supra, ___ AD2d ___, NYLJ, Dec. 31, 1996, at 26, col 5) as requiring disclosure of convictions and pending cases but not from the records of DCJS.

7

There may be records of criminal convictions or pending cases that were not obtained from DCJS (such as certificates of conviction, or a District Attorney's case file) that are not exempt from FOIL (see, Thompson v Weinstein, supra, 150 AD2d 782).

Respondent need not reveal criminal record history obtained from DCJS. Respondent is directed to review the files of the District Attorney's Office for any criminal convictions or pending matters for all witnesses in the July 10, 1995 request, and all witnesses specified by this court's decision under the heading "CPL 240.45 which follows." The search shall not be limited to respondent's case file in the underlying criminal case, but to any record in the District Attorney's possession. The statute does not limit searches to case files. The statute limits searches to records kept by the agency.

If no records (other than exempt DCJS records) are found, respondent shall file an affidavit so stating within 20 days after receipt of a copy of this decision and order. The affidavit shall set forth the location where the search was conducted.

## CPL 240.45

In denying petitioner's request for CPL 210.45 material, the FOIL Appeals Officer stated:

> "ADA D'Angelo properly denied your request for materials compiled pursuant to C.P.L. § 240.45. (also known as Rosario material) because it is not sufficiently specific. Upon review of your case file, I was unable to locate records which were clearly identified as Rosario material. The Freedom of Information Law requires this office to provide only those records that are reasonably described. See Public officers Law § 89(3). Since you have failed to specify the records which you

8

seek in a manner that renders them readily locatable, your request was properly denied."

CPL 240.45 is not ambiguous; it is very specific (see, generally, Johnson Newspaper Corp. v Stainkamp, 94 AD2d 825, 825-826, affd 61 NY2d 958). That statute, as is relevant, reads:

"1. After the jury has been sworn and before the prosecutor's opening address, or in the case of a single judge trial after commencement and before submission of evidence, the prosecutor shall, subject to a protective order, make available to the defendant:

(a) Any written or recorded statement, including any testimony before a grand jury and an examination videotaped pursuant to section 190.32 of this chapter, made by a person whom the prosecutor intends to call as a witness at trial, and which relates to the subject matter of the witness's testimony;

(b) A record of judgment of conviction of a witness the people intend to call at trial if the record of conviction is known by the prosecutor to exist;

(c) The existence of any pending criminal action against a witness the people intend to call at trial, if the pending criminal action is known by the prosecutor to exist."

The court file under Indictment #2884/94 indicates that the following witnesses testified for the prosecution[3] at trial: Edwin Oliva, Israel Rosado, Yousicher Gelbman, Rifka Pollak, Police Officer Abad Nieves, Esther Velez, Luis Velez, Police Officer Carlos Garcia, Detective Francis Callery, Police Officer Paul Eversman, Angel Santos, Medical Examiner

---

[3] Respondent should be aware of the witnesses respondent called at trial.

9

Dr. Stephen Deroux, Detective Steven Fiorica, Paul Avery, Adrian Diaz, and Detective Jose Hernandez.

With regard to the written or recorded statement of some of these witnesses, this court's decision regarding the July 10, 1995 request disposes of these items. (Obviously, the items on the July 10, 1995 request which were turned over were located by the access officers. The denial of existence under this section is bewildering.) With regard to statements by witness Edwin Oliva and the police witnesses, this court's decision regarding police documents is dispositive. With regard to those non-police witnesses who were not covered by either the July 10, 1995 request or the decision regarding police reports, the respondent is hereby directed to supply its written or recorded statements. These include statements by Yousicher Gelbman, Rifka Pollak, Luis Velez, and Angel Santos. In the event that the respondent does not possess these items, an affirmation so stating shall be submitted to the court within 20 days after receipt of a copy of this decision and order.

With regard to statements of Dr. Steven Deroux, the respondent shall turn over to petitioner any non-exempt statements. In the event that the respondent claims exemption of some of the statements, an affirmation specifying the reason for such exemption shall be submitted within 20 days after receipt of a copy of this decision and order. The petitioner shall have 20 days from receipt of respondent's affirmation to reply.

With regard to the criminal records of witnesses (CPL 240.45[17][b]), that item is covered by this court's decision regarding "criminal histories" (supra).

With regard to pending criminal actions, that is also covered by this court's decision under "criminal histories" (supra). Nothing herein shall be deemed to require respondent to create any record not in its possession. If there are items not in respondent's possession, an affirmation so stating shall be submitted within 20 days after receipt of a copy of the instant decision and order. The affirmation shall state the name of the witness and the record that is claimed not in respondent's possession.

With regard to "Grand Jury" material, that issue was decided by the Records Access Officer regarding the July 10, 1995 request. Petitioner did not appeal this denial. Grand Jury testimony under CPL 240.45(1)(a) is therefore not a proper subject of this proceeding (see, "redacted material" hereinbelow).

### Redacted Material

Before commencing a mandamus proceeding, a petitioner must exhaust all administrative appeals (Graziano v Coughlin, 221 AD2d 684, 687; Reubens v Murray, 194 AD2d 492; Briody v Village of Lewiston, 188 AD2d 1017, 1019).

In the May 8, 1996 appeal, petitioner did not mention or appeal the redacted items. Petitioner has not exhausted the administrative remedies available on this issue (id.).

In addition, an examination of the documents submitted by both parties clearly indicates that names, addresses, and telephone numbers have been redacted. These are clearly private matters not subject to FOIL. The one document redacting the "action taken" is also properly redacted as reflecting agency policy and is exempt as an intra-agency matter.

The petition regarding redacted matter is denied.

<u>Miscellaneous</u>

Before commencing a mandamus proceeding for FOIL material, a petitioner must exhaust all administrative appeals (<u>Graziano v Coughlin</u>, <u>supra</u>, 221 AD2d 684; <u>Reubens v Murray</u>, <u>supra</u>, 194 AD2d 492; <u>Briody v Village of Lewiston</u>, <u>supra</u>, 188 AD2d 1017).

With regard to the September 22 and November 12, 1995 requests, the homicide investigation report missing pages, statement of Israel Rosado, and December 26, 1995 request, there is no <u>specific</u> appeal in petitioner's May 8, 1996 letter. Generalized statements are insufficient to alert the appeals officer that an appeal is being taken.

With regard to the requests for CPL 240.20 material, petitioner has granted these requests.

All items not specifically covered in this decision are denied.

The foregoing shall constitute the decision and order of the court and is without prejudice to such further applications as may be deemed appropriate and consistent with the foregoing determination.

ENTER,



J. S. C.

12